# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

GARY LEON WEBSTER                                                    PLAINTIFF
ADC #114018

v.                      CASE NO. 3:19-CV-00094 BSM

ST. BERNARD'S HOSPITAL, et al.                          DEFENDANTS

## ORDER

Gary Leon Webster filed this *pro se* lawsuit, pursuant to 42 U.S.C. section 1983, against St. Bernard's Hospital, cardiac surgeon Stevenson, and an unidentified pulmonary/thoracic surgeon. *See* Doc. Nos. 1, 6. Webster alleges that defendants performed surgery on his genitals without his permission, thereby violating his human and civil rights, and he seeks damages.

Webster is incarcerated at the Tucker Unit of the Arkansas Department of Correction, which triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. It must be determined whether the cause of action stated in Webster's complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that does not allege "enough facts to state a claim to relief that is plausible on its face" fails to state a claim on which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Webster is suing defendants under 42 U.S.C. section 1983. To state a claim under section 1983, a plaintiff must show two essential elements: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

Based on the complaint, it appears that defendants are private actors. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). A private actor may be subject to a section 1983 claim if he is a "'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). A plaintiff must allege some kind of mutual understanding or a meeting of the minds between the private party and state actor. *Pendleton v. St. Louis Cnty.*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted).

Webster was not in custody when the alleged surgery took place. *See* Doc. No. 2 at 3 ("I was not in custody."). Further, his pleadings do not indicate that any state actor was involved and do not suggest any meeting of the minds or joint activity between defendants and a state actor. Accordingly, Webster has failed to state a section 1983 claim against defendants. His complaint is dismissed without prejudice, and it is certified that an *in forma pauperis* appeal would not be taken in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 17th day of May 2019.

_____
UNITED STATES DISTRICT JUDGE